**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STARR SURPLUS LINES INSURANCE COMPANY,<br><br>                  Plaintiff,<br><br>    vs.<br><br>CRF FROZEN FOODS, LLC, and HOUSTON CASUALTY COMPANY,<br><br>                  Defendants. | Civil Action No.: 1:17-cv-1030 (PGG)<br><br>**DEFENDANT CRF FROZEN FOOD LLC'S ANSWER TO HCC'S CROSSCLAIM** |

Cross-Defendant CRF Frozen Foods, LLC ("CRF") by and through its undersigned counsel, alleges the following for its Answer to Cross-Plaintiff Houston Casualty Company's ("HCC") Cross-claim.  CRF denies each and every allegation in the Cross-claim except for those that are hereinafter admitted, qualified, or otherwise explained.

## FACTUAL ALLEGATIONS

**Background**

1.     With regard to Paragraph 1, CRF admits only that CRF processes frozen vegetables and fruits from its Pasco, Washington facility and that CRF's products are distributed within the United States and Canada.

**CRF's Application to HCC for Insurance**

2.     CRF denies the allegations contained in Paragraph 2, except to admit that CRF sought to purchase excess insurance coverage from HCC.

3.     CRF denies the allegations contained in Paragraph 3 on the ground that the application and CRF's responses thereto speak for themselves.

62849.2

4.      With regard to paragraph 4, CRF is without sufficient information to form a belief as to what is a part of HCC's application process.  CRF denies the remaining allegations in Paragraph 4.

5.      CRF denies the allegations contained in Paragraph 5, except to admit that HCC provided excess coverage to CRF under a policy of insurance identified as  Policy Number H715-75013 (October 16, 2015 to May 1, 2016) ("HCC Excess Policy).  CRF alleges that the HCC Excess Policy speaks for itself.

**The Policies**

6.      CRF is without sufficient information to form a belief as to the allegations in Paragraph 6 and, therefore, holds HCC to its proof thereof.

7.      CRF denies the allegations contained in Paragraph 7 on the ground that the HCC Excess Policy speaks for itself.  CRF respectfully refers the Court to the HCC Policy for the full and complete terms thereof.

8.      CRF denies the allegations contained in Paragraph 8 on the ground that the HCC Excess Policy speaks for itself. CRF respectfully refers the Court to the HCC Policy for the full and complete terms thereof.

9.      CRF denies the allegations contained in Paragraph 9 on the ground that the Policies speak for themselves.  CRF respectfully refers the Court to the Policies for the full and complete terms thereof.

**The Claim**

10.     CRF denies the allegations contained in Paragraph 10, except to admit that in April of 2016 the State of Ohio Department of Agriculture's routine testing found Listeria

monocytogenes ("LM") in one lot of Quick Frozen ("IQF") organic petite green peas and one lot of IQF organic sweet white cut corn .

11.     CRF admits the allegations contained in Paragraph 11.

12.     CRF is without information sufficient to form a belief as to the truth of the allegations in Paragraph 12. CRF alleges that the contents of any communication from HCC speak for themselves.

13.     With regard to Paragraph 13, CRF admits that it recalled fifteen (15) of its frozen vegetable items distributed from September 13, 2015 to March 16, 2016, based on the State of Ohio Department of Agriculture's routine testing which found Listeria monocytogenes (LM) in one lot of Quick Frozen (IQF) organic petite green peas and one lot of IQF organic sweet white cut corn.

14.     With regard to Paragraph 14, CRF admits that on May 2, 2016, after extensive consultation with, and guidance from, the Food and Drug Administration ("FDA"), CRF informed the FDA that CRF was expanding its recall to all frozen organic and traditional fruits and vegetables products processed, packed, and distributed since May 1, 2014 (hereinafter and collectively with the April 23, 2016 recall, "the 2016 Recall").

**Investigation of the Claim**

15.     With regard to Paragraph 15, admits that Mr. Tocicki communicated with CRF regarding CRF's claim. CRF is without sufficient information to form a belief as to the remaining allegations in Paragraph 15.

16.     CRF denies the allegations contained in Paragraph 16.

17.     With regard to Paragraph 17, CRF admits that on June 17, 2017 legal counsel representing CRF in various claims brought by third parties against CRF sent a letter to Mr.

3

Tocicki, and that the letter speaks for itself. CRF alleges that, as shown in the June 17, 2017 letter, CRF continually cooperated with, and provided information to, HCC. CRF admits that one way it provided HCC information was through an extranet site, on which hundreds of documents totaling thousands of pages of information was provided. CRF further alleges that, based on information and belief, HCC failed to timely review information provided to HCC, including on the extranet site.

18.     CRF denies Paragraph 18. CRF alleges that Paragraph 18 does not specifically identify the September 2, 2016 request purportedly made by Mr. Tocicki. CRF admits that on September 2, 2016 Mr. Tocicki sent a memorandum to CRF via email. CRF alleges that Paragraph 18 misstates Mr. Tocicki's September 2, 2016 memorandum including alleging that Mr. Tocicki advised that HCC could not make a determination on coverage.

19.     CRF denies the allegations contained in Paragraph 19, except to admit that CRF further communicated with Mr. Tocicki on September 8, 2016.  CRF alleges that the contents of the September 8, 2016 communication speak for itself.  CRF further alleges that HCC's Cross-claim, including the allegations in Paragraph 19 and other paragraphs, consistently and improperly misstate the communications between CRF and HCC, showing that HCC fails to recognize that CRF was entitled to protect its rights and privileges with respect to third party claims, especially in light of HCC's failure to provide coverage to CRF. CRF further alleges that Starr Insurance was also making requests for information from CRF; Starr and HCC were not working together to prevent undue burden and expense to CRF in responding to requests for information; and, that both Starr and HCC made broad and unduly burdensome requests for information to CRF.  CRF further alleges that HCC made requests for information that does not exist and also would have placed an unfair and undue burden on CRF not required under the

4

HCC Excess Policy.  CRF further alleges that HCC failed to avail itself of opportunities made available to it by CRF, including CRF offering to make CRF's facilities available to HCC if HCC desired to perform its own testing, and based on information and belief HCC chose not to conduct its own testing.

20.     CRF denies the allegations contained in Paragraph 20, except to admit that HCC sent a letter dated January 11, 2017.   CRF alleges that the contents of the letter speak for itself. CRF further alleges that the letter from HCC's counsel on January 11, 2017 was sent less than 48 hours before CRF had arranged in December of 2016 to have Emily Camp and Jon Rodacy available for interviews in Portland on January 13, 2017.

21.     CRF denies the allegations contained in Paragraph 21, except to admit that CRF voluntarily made John Rodacy and Emily Camp available for unrecorded interviews on January 13, 2017 that were not under oath. CRF alleges that HCC was not prejudiced by being able to interview Camp and Rodacy on January 13, 2017 and that HCC never specifically requested to take an examination under oath of Camp or Rodacy, but instead rescinded post-claim the HCC Excess Policy.   CRF further alleges that the date and location of the Camp and Rodacy interviews  in Portland was selected to accommodate all parties, including a number of insurers; that CRF incurred substantial expense to make Camp and Rodacy available for interviews in Portland; that not appearing in person to conduct interviews of Camp  and Rodacy was HCC's decision; that HCC's representative (including legal counsel) attended the interviews via telephone; that  HCC was provided a full opportunity to ask Camp and Rodacy questions; and, that HCC's representatives asked very few, if any, questions of Camp and Rodacy, demonstrating that HCC had no further questions other than what was asked by other insurer

5

representatives during the interview. CRF further alleges that Paragraph 21 misstates the duties and obligations of CRF under the law and the HCC Excess Policy.

22.     CRF denies the allegations contained in Paragraph 22, except to admit that HCC sent a letter dated January 30, 2017. CRF alleges that the contents of the letter speak for itself. CRF further alleges that CRF complied with all of its duties under the HCC Policy.

23.     CRF denies the allegations contained in Paragraph 23, except to admit that an email was sent by CRF's counsel to HCC's counsel on February 10, 2017. CRF alleges that the contents of the email speak for itself.  CRF further alleges that the February 10, 2017 email, among other things, requested a conference call with HCC to address questions CRF had with HCC's January 30, 2017 letter and that HCC did not respond to the February 10, 2017 email, but rather rescinded the HCC Excess Policy.

24.     CRF denies the allegations contained in Paragraph 24, except to admit that Starr filed this action on February 10, 2017.  To the extent further response is required, CRF is without sufficient information to form a belief as to the remaining allegations contained in Paragraph 24.

25.     CRF admits the allegations contained in Paragraph 25.

## COUNT I - RESCISSION

26.     CRF repeats its responses to the allegations contained in Paragraphs 1 through 25 as if fully set forth herein.

27.     CRF denies the allegations contained in Paragraph 27 on the ground that the application speaks for itself.

28.     CRF denies the allegations contained in Paragraph 28 on the ground that the application speaks for itself.

62849.2

29.     CRF denies the allegations contained in Paragraph 29 on the ground that the Confirmation of Coverages speaks for itself.

30.     CRF is without sufficient information to form a belief as to the allegations in Paragraph 30 and, therefore, holds HCC to its proof thereof.

31.     CRF denies the allegations contained in Paragraph 31.

32.     CRF denies the allegations contained in Paragraph 32.

33.     CRF denies the allegations contained in Paragraph 33.

34.     CRF is without sufficient information to form a belief as to the allegations in Paragraph 34 and, therefore, holds HCC to its proof thereof.

35.     CRF is without sufficient information to form a belief as to the allegations in Paragraph 35 and, therefore, holds HCC to its proof thereof.

36.     CRF denies the allegations contained in Paragraph 36.

37.     CRF denies the allegations contained in Paragraph 37.

## COUNT II – THE POLICY IS NULL AND VOID

38.     CRF repeats its responses to the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39.     Paragraph 39 requires no response.

40.     CRF denies the allegations contained in Paragraph 40 on the ground that the Policies speak for themselves.

41.     CRF denies the allegations contained in Paragraph 41 on the ground that the Policies speak for themselves.

42.     CRF denies the allegations contained in Paragraph 42.

62849.2

43.     CRF denies the allegations contained in Paragraph 43. CRF further alleges that Paragraph 43 misstates the facts and the law and further shows HCC's misunderstanding of CRF's facility and the loss for which HCC issued the HCC Excess Insurance Policy.

44.     CRF denies the allegations contained in Paragraph 44.

45.     CRF denies the allegations contained in Paragraph 45.

46.     CRF admits the allegations contained in Paragraph 46.

47.     Paragraph 47 is a statement of law, for which no response is required.

48.     CRF denies the allegations contained in Paragraph 48.

## COUNT III – Reliance Endorsement

49.      CRF repeats its responses to the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

50.     Paragraph 50 requires no response.

51.     CRF denies the allegations contained in Paragraph 51 on the ground that the Policies speak for themselves.

52.     CRF denies the allegations contained in Paragraph 52 on the ground that the Applications speak for themselves and Paragraph 52 fails to properly identify the "materials" referenced in that Paragraph.

53.     CRF denies the allegations contained in Paragraph 53.

54.     CRF admits the allegations contained in Paragraph 54.

55.     Paragraph 55 contains a statement of law, for which no response is required.

56.     CRF denies the allegations contained in Paragraph 56.

## COUNT IV – POLICY IS NOT TRIGGERED

57.     CRF repeats its responses to the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58.     Paragraph 58 requires no response.

59.     CRF denies the allegations contained in Paragraph 59 on the ground that the Policies speak for themselves.

60.     CRF denies the allegations contained in Paragraph 60.

61.     CRF denies the allegations contained in Paragraph 61.

62.     CRF denies the allegations contained in Paragraph 62.

63.     CRF admits the allegations contained in Paragraph 63.

64.     Paragraph 64 contains a statement of law, for which no response is required.

65.     CRF denies the allegations contained in Paragraph 65.

**COUNT V – FAILURE TO SATISFY A CONDITION PRECEDENT**

66.     CRF repeats its responses to the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67.     Paragraph 67 requires no response.

68.     CRF denies the allegations contained in Paragraph 68 on the ground that the Policies speak for themselves.

69.     CRF denies the allegations contained in Paragraph 69.

70.     CRF denies the allegations contained in Paragraph 70, except to admit that CRF timely provided proper notice in April 2016.

71.     CRF admits the allegations contained in Paragraph 71.

72.     Paragraph 72 contains a statement of law, for which no response is required.

73.     CRF denies the allegations contained in Paragraph 73.

## COUNT VI – EXCLUSION 4.9 PRECLUDES COVERAGE

74.     CRF repeats its responses to the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75.     Paragraph 75 requires no response.

76.     CRF denies the allegations contained in Paragraph 76 on the ground that the Policies speak for themselves.

77.     CRF denies the allegations contained in Paragraph 77.

78.     CRF denies the allegations contained in Paragraph 78.

79.     CRF denies the allegations contained in Paragraph 79.

80.     CRF denies the allegations contained in Paragraph 80.

81.     CRF denies the allegations contained in Paragraph 81.

82.     CRF admits the allegations contained in Paragraph 82.

83.     Paragraph 83 contains a statement of law, for which no response is required.

84.     CRF denies the allegations contained in Paragraph 84.

## COUNT VII – BREACH OF POLICY CONDITION 5.5

85.     CRF repeats its responses to the allegations contained in Paragraphs 1 through 84 as if fully set forth herein.

86.     Paragraph 86 requires no response.

87.     CRF denies the allegations contained in Paragraph 87 on the ground that the Policies speak for themselves.

88.     CRF denies the allegations contained in Paragraph 88 on the ground that the Policies speak for themselves.

62849.2

89.     CRF denies the allegations contained in Paragraph 89. CRF alleges that HCC was not prejudiced by CRF's providing information to HCC.

90.     CRF denies the allegations contained in Paragraph 90.

91.     CRF is without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 91 and, therefore, holds HCC to its proof thereof.

92.     CRF admits the allegations contained in Paragraph 92.

93.     Paragraph 93 contains a statement of law, for which no response is required.

94.     CRF denies the allegations contained in Paragraph 94.

## COUNT VIII – BREACH OF POLICY CONDITION 5.15

95.     CRF repeats its responses to the allegations contained in Paragraphs 1 through 94 as if fully set forth herein.

96.     Paragraph 96 requires no response.

97.     CRF denies the allegations contained in Paragraph 97 on the ground that the Policies speak for themselves.

98.     CRF denies the allegations contained in Paragraph 98.

99.     CRF denies the allegations contained in Paragraph 99.

100.     CRF admits the allegations contained in Paragraph 100.

101.     Paragraph 101 contains a statement of law, for which no response is required.

102.     CRF denies the allegations contained in Paragraph 102.

## COUNT IX – FAILURE TO MAINTAIN
## UNDERLYING INSURANCE

103.     CRF repeats its responses to the allegations contained in Paragraphs 1 through 102 as if fully set forth herein.

104.     Paragraph 104 requires no response.

62849.2

105.    CRF denies the allegations contained in Paragraph 105 on the ground that the Policy speaks for itself.

106.    CRF denies the allegations contained in Paragraph 106 on the ground that the Policy speaks for itself.

107.    Paragraph 107 contains a statement of law, for which no response is required.

108.    CRF admits the allegations contained in Paragraph 108.

109.    Paragraph 109 contains a statement of law, for which no response is required.

110.    CRF denies the allegations contained in Paragraph 110.

## COUNT X – KNOWN LOSS/FORTUITY

111.    CRF repeats its responses to the allegations contained in Paragraphs 1 through 110 as if fully set forth herein.

112.    Paragraph 112 requires no response.

113.    Paragraph 113 is a statement of law, for which no response is required.

114.    Paragraph 114 is a statement of law, for which no response is required.

115.    Paragraph 115 is a statement of law, for which no response is required.

116.    CRF denies the allegations contained in Paragraph 116.

117.    CRF denies the allegations contained in Paragraph 117.

118.    CRF denies the allegations contained in Paragraph 118.

119.    CRF admits the allegations contained in Paragraph 119.

120.    Paragraph 120 contains a statement of law, for which no response is required.

121.    CRF denies the allegations contained in Paragraph 121.

62849.2

122.     CRF denies that HCC is entitled to any of the relief set forth in the "WHEREFORE" Paragraph immediately following Paragraph 121 of the Cross-claim, including the relief sought in subparagraphs (a) to (j).

## AFFIRMATIVE DEFENSES

Further answering, CRF states the following as affirmative defenses to the Cross-claim. CRF reserves the right to supplement or amend these affirmative defenses as further affirmative defenses are discovered.

## FIRST AFFIRMATIVE DEFENSE

1.     HCC's claims are barred by its breach of the terms and conditions of the HCC Excess Policy.

## SECOND AFFIRMATIVE DEFENSE

2.     HCC's Cross-claim fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

3.     HCC's claims may be barred, in whole or in part, by its unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4.     HCC's claims may be barred, in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

5.     HCC's claims are barred because CRF fully satisfied any and all conditions precedent as well as other terms and conditions in the insurance policies at issue.

## SIXTH AFFIRMATIVE DEFENSE

62849.2

6.     HCC's claims are barred due to its breach of the implied covenant of good faith and fair dealing and/or by its bad faith conduct.

### SEVENTH AFFIRMATIVE DEFENSE

7.     HCC is engaging in improper post-claim underwriting in an attempt to improperly deny coverage.

### EIGHTH AFFIRMATIVE DEFENSE

8.     HCC's claims are barred and precluded by the provisions, terms, and conditions of the insurance policies at issue which provide coverage to CRF for the insurance claim CRF has submitted to Starr.

### NINTH AFFIRMATIVE DEFENSE

9.     HCC's damages, if any, were caused by its own acts or omissions.

### TENTH AFFIRMATIVE DEFENSE

10.     HCC, an insurance carrier, sued its policyholder CRF thereby placing CRF in a defensive posture and CRF is entitled, by operation of law, to its attorneys' fees, costs, disbursements and expenses for the defense of this action upon adjudication in its favor.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     HCC has failed to properly plead its claims, including misrepresentation or rescission.

### TWELFTH AFFIRMATIVE DEFENSE

12.     HCC has failed to specifically plead its claims based on misrepresentation or failure of a condition applicable to the HCC Excess Policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

62849.2

13.   HCC's claims for relief are inconsistent and/or mutually exclusive and, therefore, HCC must elect its claimed remedy and theory of denying coverage to CRF.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   HCC's Cross-claim fails to establish that this Court has proper subject matter jurisdiction.

**WHEREFORE** CRF prays that this Court dismiss HCC's Cross-claim in its entirety and that CRF be awarded reasonable attorneys' fees and costs and pre- and post-judgment interest pursuant to *Mighty Midgets Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 389 N.E.2d 1080 (1979) and other applicable New York law, and for such other and further relief as this Court deems proper and just.

Dated: April 11, 2017

By:   /s/ Steven J. Pudell
Steven J. Pudell, Esq.
ANDERSON KILL P.C.
One Gateway Center, Suite 1510
Newark, New Jersey 07102
Telephone: (973) 642-5858
Facsimile: (973) 621-6361
spudell@andersonkill.com

Mark R. Hanson, Esq.
NILLES LAWYERS
201 N. 5th Street - 18th Floor
P.O. Box 2626
Fargo, North Dakota 58102
Telephone: (701) 237-5544
Facsimile: (701) 280-0762
MHanson@nilleslaw.com
*Admitted pro hac vice*

***Attorneys for Defendant***
***CRF Frozen Foods, LLC***

15

62849.2