# CHOATE

John A. Nadas
t 617-248-5156
f 617-502-5156
jnadas@choate.com

July 10, 2018

**Via ECF and Fax**

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

> Re:  *Starr Surplus Lines Insurance Company and Houston Casualty Company v. CRF Frozen Foods, LLC*, Civil Action No. 17-cv-1030 (PGG)

Dear Judge Gardephe:

Starr Surplus Lines Insurance Company ("Starr"), Houston Casualty Company ("HCC"), and CRF Frozen Foods, LLC ("CRF") submit this joint letter to update the Court on the progress of additional discovery, which was ordered by Chief Magistrate Judge Freeman on April 11, 2018. This letter supplements the parties' joint letter to you of May 31, 2018, attached hereto as Ex. A.

As Your Honor may recall, in September 2017, Starr and HCC raised their objections to CRF's position that it would not produce any documents dated after October 16, 2015 (regardless of the substance of such documents). In October 2017, Starr and HCC moved to compel CRF to produce all documents that are responsive to Phase I of this case. Subject to a reservation of rights with respect to that discovery dispute, the parties proceeded to complete Phase I fact and expert discovery. On April 11, 2018 Judge Freeman ordered that Starr and HCC search for and produce certain documents[1] and further ordered CRF to review and produce relevant, non-privileged documents for over a two-year span, i.e., documents that are responsive to Phase I dated from October 16, 2015 through February 10, 2017.

On May 3, 2018, CRF made an initial supplemental production of approximately 3,000 documents dated from October 16, 2015 through April 22, 2016. On May 10, 2018, after the parties negotiated an agreed-upon set of search terms, CRF reported that it had begun to search for potentially responsive documents dated from April 23, 2016 through February 10, 2017.

---

[1] On May 3, 2018, HCC made a supplemental production and Starr represented that it was unable to identify any further responsive documents.

Honorable Paul G. Gardephe
July 10, 2018
Page 2

In the parties' joint letter of May 31, 2018, CRF informed the Court that it had identified a total of approximately 27,000 additional, potentially responsive documents, and anticipated making a supplemental production on June 15, 2018. CRF further informed the Court that while CRF could not give a definitive timeframe on when the privilege log would be completed, CRF anticipated it would be on or before June 30, 2018.

On June 14, 2018, CRF produced approximately 7,000 additional documents, and advised Starr and HCC that it hoped to produce its privilege log by June 30, 2018, but as CRF's review of privileged documents remained ongoing, that expectation was subject to change. On June 28, 2018, CRF informed Starr and HCC that it anticipates producing its privilege log on or about July 31, 2018.

CRF represents that it has worked, and continues to work, diligently with its third-party vendor with regard to document collection and production, including finalizing search terms and preparation of the privilege log. On July 9, 2018, CRF informed Starr and HCC that it anticipates making an additional production of another approximately 3,400 documents in the coming days. CRF represents that it will continue to work in good faith to timely produce documents and the privilege log as timing allows with the third-party vendor.

Starr and HCC represent that they are proceeding diligently to review the 10,000 additional documents produced by CRF. After CRF makes its latest anticipated production of approximately 3,400 additional documents, Starr and HCC represent that they will proceed diligently to review those documents as well. Once Starr and HCC have had a meaningful opportunity to review all of CRF's supplemental productions of documents and its final privilege log, Starr and HCC will be able to determine whether CRF's supplemental production will necessitate the reopening of fact and expert discovery, and, if so, to what extent. CRF also reserves the right to seek additional discovery based on the supplemental disclosure of documents, including by HCC.

The parties propose providing the Court with another update on their progress on August 10, 2018.

Very truly yours,

/s/ John A. Nadas
John A. Nadas
CHOATE HALL & STEWART LLP
*COUNSEL FOR STARR SURPLUS LINES INSURANCE COMPANY*

/s/ Jeffrey S. Weinstein
Jeffrey S. Weinstein
MOUND COTTON WOLLAN & GREENGRASS LLP
*COUNSEL FOR HOUSTON CASUALTY COMPANY*

8736851v3

Honorable Paul G. Gardephe
July 10, 2018
Page 3

/s/ Steven J. Pudell
Steven J. Pudell
ANDERSON KILL P.C.
*COUNSEL FOR CRF FROZEN FOODS, LLC*

cc:   All counsel of record via ECF

EX. A

# ANDERSON KILL

Attorneys and Counselors at Law

ONE GATEWAY CENTER, SUITE 1510 ■ NEWARK, NJ 07102
TELEPHONE: 973-642-5858 ■ FAX: 973-621-6361
www.andersonkill.com

Steven J. Pudell, Esq.
SPudell@andersonkill.com
973-642-5877

<u>Via ECF and Regular Mail</u>

May 31, 2018

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

> Re: ***Starr Surplus Lines Insurance Company and Houston Casualty Company v. CRF Frozen Foods, LLC***
> <u>Civil Action No.: 17-cv-1030 (PGG)</u>

Dear Judge Gardephe:

    As you are aware, this firm represents CRF Frozen Foods, LLC ("CRF") in the above-referenced action. CRF, Starr Surplus Lines Insurance Company ("Starr"), and Houston Casualty Company ("HCC"), submit this joint letter in accordance with this Court's April 12, 2018 Order. (ECF No. 111). Therein, the Court requested the following: (1) an estimate of how long it will take to complete fact discovery; and (2) a timeline for briefing the parties' anticipated cross-motions for summary judgment. (*Id.*).

    As Your Honor may recall, at the April 12, 2018 conference, the parties reported that all fact discovery had been completed, pending the parties' compliance with Chief Magistrate Judge Freeman's rulings on April 11, 2018 concerning outstanding discovery disputes. During the April 11, 2018 hearing, Judge Freeman ordered that Starr and HCC search for and produce certain categories of documents. Starr and HCC immediately complied with that order. HCC produced additional documents. Starr's search found no additional relevant documents. Judge Freeman further ordered CRF to review and produce relevant, non-privileged documents from October 16, 2015 through February 10, 2017. CRF immediately sought to provide Starr and HCC with additional documents and, on May 3, 2018, made an initial supplemental production of approximately 3,000 documents for the time period from October 16, 2015 through April 22, 2016.

    On May 10, 2018, after agreeing to search terms with Starr and HCC, CRF began to search for potentially responsive documents that remained for the time period from April 23, 2016 through February 10, 2017. CRF's application of the agreed upon search terms to documents in this time frame yielded a total of approximately 27,000 additional, possibly responsive, documents. CRF's relevance and privilege review of these 27,000 potentially responsive documents is ongoing. CRF has not yet produced

**Anderson Kill**

Honorable Paul G. Gardephe, U.S.D.J.
May 31, 2018
Page 2

those responsive, non-privileged documents. Given the number of documents that CRF's search yielded, CRF hopes to complete the review and production of relevant, non-privileged documents by approximately June 15, 2018. CRF will then update and produce its privilege log. The extent of the responsive privileged documents is not yet known. Thus, while CRF cannot give a definitive timeframe on when the privilege log will be completed, it anticipates it will be on or before June 30, 2018.

Only once this subsequent supplemental production of documents has been completed, and Starr and HCC have had a meaningful opportunity to review the documents, will Starr and HCC be able to determine whether CRF's supplemental production will necessitate the reopening of fact and expert discovery, and, if so, to what extent. The parties respectfully suggest that it is therefore premature to propose a timeline for briefing the parties' anticipated cross-motions for summary judgment, without knowing at this time the impact these additional documents may have on fact and expert discovery.

The parties propose providing the Court with a further update on their progress on July 10, 2018. At that time, the Parties anticipate having a better understanding of (1) how long it will take to complete any necessary additional discovery, and (2) a timeline for briefing the parties' anticipated cross motions for summary judgment.

We thank Your Honor for your consideration.

Respectfully submitted,

/s/ Steven J. Pudell
Steven J. Pudell
ANDERSON KILL P.C.
*COUNSEL FOR CRF FROZEN FOODS, LLC*

/s/ John A. Nadas
John A. Nadas
CHOATE HALL & STEWART LLP
*COUNSEL FOR STARR SURPLUS LINES
INSURANCE COMPANY*

/s/ Jeffrey S. Weinstein
Jeffrey S. Weinstein
MOUND COTTON WOLLAN &
GREENGRASS LLP
*COUNSEL FOR HOUSTON CASUALTY
COMPANY*

cc: All counsel of record via ECF