# ANDERSON KILL

Attorneys and Counselors at Law

ONE GATEWAY CENTER, SUITE 1510 ■ NEWARK, NJ 07102
TELEPHONE: 973-642-5858 ■ FAX: 973-621-6361
www.andersonkill.com

Steven J. Pudell, Esq.
SPudell@andersonkill.com
973-642-5877

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/18
```

August 24, 2018

*Via ECF and Fax*

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

Re: *Starr Surplus Lines Insurance Company and Houston Casualty Company v. CRF Frozen Foods, LLC*, Civil Action No. 17-cv-1030 (PGG)

Dear Judge Gardephe:

Starr Surplus Lines Insurance Company ("Starr"), Houston Casualty Company ("HCC"), and CRF Frozen Foods, LLC ("CRF") submit this joint letter to report to the Court on the progress of additional discovery. This letter updates the parties' joint letter to the Court dated August 10, 2018.

As Your Honor may recall, on April 11, 2018, Judge Freeman ordered that Starr and HCC search for and produce certain documents[1] and further Ordered CRF to review and produce relevant, non-privileged documents for over a one-year span, that are responsive to Phase 1 of this matter, dated from October 16, 2015 through February 10, 2017.

As of July 20, 2018, CRF had made supplemental productions of approximately 12,900 additional documents. CRF has indicated that, at present, it does not anticipate making further significant document productions. Starr and HCC are in the process of completing their respective reviews of the additional documents produced, to date, by CRF.

On July 31, 2018, CRF produced a supplemental privilege log based on the documents that CRF reviewed pursuant to the Court's order. Starr and HCC advised CRF that they would review that log against the requirements of Fed. R. Civ. P. 26(b)(5) and Local Rule 26.2. Shortly after CRF produced the log, Starr and HCC indicated to CRF that they had certain concerns about CRF's supplemental privilege log. CRF also reviewed the privilege logs previously produced by Starr and HCC in December 2017 to determine compliance with the Rules and in light of the concerns raised by Starr and HCC with respect to CRF's log. CRF has also raised concerns regarding an expert retained by Starr and HCC testifying that he was unable to answer

---

[1] On May 3, 2018, HCC made a supplemental production and Starr represented it was unable to identify any further responsive documents.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

100032698.1

**Anderson Kill**

Honorable Paul G. Gardephe, U.S.D.J.
August 24, 2018
Page 2

certain questions during that expert's deposition, citing confidentiality obligations. The parties are continuing to work in good faith to address the issues and concerns, including through meet and confer conferences.

To that end, the parties held a meet and confer conference on August 17, 2018. On August 17, and shortly before the meet and confer, the following were provided by Starr and/or HCC: (1) Starr provided CRF a revised privilege log; (2) Starr and HCC provided CRF a "name key" that corresponds to their privilege logs; (3) HCC made a supplemental document production; and, (4) Star and HCC provided information regarding CRF's inquiry into the confidentiality obligations cited by Starr and HCC/s expert during his discovery deposition. CRF is following up on the information provided by Starr and HCC on August 17, 2018.

During the August 17 meet and confer conference the parties discussed Starr and HCC's concerns with CRF's privilege log. CRF agreed to follow up on those concerns and has advised Starr and HCC as to when any revisions or additional disclosures can be provided. CRF provided some information and disclosures on August 22, 2018. Depending on completion of CRF's review of the documents identified by Starr and HCC and CRF's third party vendor's availability to prepare the documents for disclosure, such as providing control numbers, CRF plans to provide the remainder of the requested information on, or before, August 24, 2018.

Once (1) Starr and HCC complete their review of CRF's document production, CRF's revised supplemental privilege log, and any additional documents that CRF produces as a result of the parties' meet and confer process, or, if necessary, motion practice; and (2) CRF completes its review of the supplemental information provided by Starr and HCC on August 17, 2018 as a result of the issues raised by CRF, or, any additional information provided by HCC or Starr as a result of the parties' meet and confer process, or, if necessary, motion practice, -- the parties will be better able to determine if motion practice is necessary and/or if fact and expert discovery will need to be reopened, and, if so, to what extent. Starr and HCC have already indicated that in their view, limited additional deposition testimony will likely be necessary. CRF is also reviewing the documents/information to determine if limited, additional deposition testimony is necessary.

**Anderson Kill**

Honorable Paul G. Gardephe, U.S.D.J.
August 24, 2018
Page 3

The parties propose providing the Court with another update on their progress on or before September 7, 2018.

        Sincerely yours,

        /s/ Steven J. Pudell
        Steven J. Pudell
        ANDERSON KILL P.C.
        *COUNSEL FOR CRF FROZEN FOODS, LLC*

        /s/ John A. Nadas
        John A. Nadas
        CHOATE HALL & STEWART LLP
        *COUNSEL FOR STARR SURPLUS LINES INSURANCE COMPANY*

        /s/ Jeffrey S. Weinstein
        Jeffrey S. Weinstein
        MOUND COTTON WOLLAN & GREENGRASS LLP
        *COUNSEL FOR HOUSTON CASUALTY COMPANY*

cc: All counsel of record via ECF

**SO ORDERED:**

_____
Paul G. Gardephe, U.S.D.J.
Dated: August 24, 2018

100032698.1