# CHOATE

John A. Nadas
t 617-248-5156
f 617-502-5156
jnadas@choate.com

September 7, 2018

**Via ECF and Fax**

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

Re:   *Starr Surplus Lines Insurance Company and Houston Casualty Company v. CRF Frozen Foods, LLC*, Civil Action No. 17-cv-1030 (PGG)

Dear Judge Gardephe:

      Starr Surplus Lines Insurance Company ("Starr"), Houston Casualty Company ("HCC"), and CRF Frozen Foods, LLC ("CRF") submit this joint letter to report to the Court on the progress of additional discovery. This letter updates the parties' joint letter to the Court dated August 24, 2018.

      As Your Honor may recall, on April 11, 2018, Judge Freeman ordered that Starr and HCC search for and produce certain documents[1] and further ordered CRF to review and produce relevant, non-privileged documents for over a one-year span, that are responsive to Phase I of this matter, dated from October 16, 2015 through February 10, 2017. As of Friday, July 20, 2018, CRF had made supplemental productions of approximately 12,900 additional documents. At that time, CRF indicated that it did not anticipate making further significant document productions.

      On Tuesday, July 31, 2018, CRF produced a supplemental privilege log based on the documents that CRF reviewed pursuant to the Court's order. Starr and HCC reviewed that log against the requirements of Fed. R. Civ. P. 26(b)(5) and Local Rule 26.2, and, shortly thereafter, indicated to CRF that they had certain concerns about CRF's supplemental privilege log.

      CRF also reviewed the privilege logs previously produced by Starr and HCC in December 2017 to determine compliance with the Rules and in light of the concerns raised by Starr and HCC with respect to CRF's log. CRF also raised concerns regarding an expert retained

---

[1]   On Thursday, May 3, 2018, HCC made a supplemental production and Starr represented it was unable to identify any further responsive documents.

Honorable Paul G. Gardephe
September 7, 2018
Page 2

by Starr and HCC testifying that he was unable to answer certain questions during that expert's deposition, citing confidentiality obligations.

The parties held a meet and confer conference on Friday, August 17, 2018. That day, shortly before the meet and confer, the following were provided by Starr and/or HCC: (1) Starr provided CRF a revised privilege log; (2) Starr and HCC provided CRF a "name key" that corresponds to their privilege logs; (3) HCC made a supplemental document production; and, (4) Star and HCC provided information regarding CRF's inquiry into the confidentiality obligations cited by Starr and HCC's expert during his discovery deposition. CRF is following up on that information provided by Starr and HCC. For example, on Wednesday, August 22, 2018, CRF sent correspondence to HCC raising concerns CRF had with HCC's name key and HCC's revised privilege log. HCC responded to CRF's concerns on Wednesday, September 5, 2018. CRF is in the process of reviewing HCC's response.

During the August 17, 2018 meet and confer conference, the parties discussed Starr and HCC's concerns regarding CRF's privilege log. CRF agreed to follow up on those concerns and on Wednesday, August 22, 2018 provided additional information and disclosures. On the afternoon of Friday, August 24, 2018, CRF provided a supplemental production of documents. Starr and HCC are in the process of completing their respective reviews of the additional documents produced by CRF. Additionally, on Sunday, August 26, 2018, CRF produced a revised supplemental privilege log. Starr and HCC reviewed CRF's revised supplemental privilege log, and on the afternoon of Friday, August 31, 2018, raised a few additional concerns about that log. On Wednesday, September 5, 2018, CRF responded to Starr and HCC's concerns, and provided additional information and disclosures. Starr and HCC are reviewing the additional information and disclosures provided by CRF.

Once the parties have completed their respective reviews of the supplemental disclosures and productions and decided if the remaining issues have been resolved (including through a meet and confer if necessary), the parties will be able to determine if motion practice is appropriate and/or if fact and expert discovery will need to be reopened, and, if so, to what extent. Starr and HCC have already indicated that in their view, limited additional deposition testimony will likely be necessary. CRF has also indicated that it is reviewing the documents/information to determine if limited, additional deposition testimony is necessary.

The parties propose providing the Court with another update on their progress on or before Friday, September 21, 2018.

Sincerely yours,

/s/ John A. Nadas
John A. Nadas
CHOATE HALL & STEWART LLP
*COUNSEL FOR STARR SURPLUS LINES INSURANCE COMPANY*

Honorable Paul G. Gardephe
September 7, 2018
Page 3

/s/ Jeffrey S. Weinstein
Jeffrey S. Weinstein
MOUND COTTON WOLLAN & GREENGRASS LLP
*COUNSEL FOR HOUSTON CASUALTY COMPANY*

/s/ Steven J. Pudell
Steven J. Pudell
ANDERSON KILL P.C.
*COUNSEL FOR CRF FROZEN FOODS, LLC*

cc:     All counsel of record via ECF

8846135v3