# ANDERSON KILL P.C.

Attorneys and Counselors at Law

ONE GATEWAY CENTER, SUITE 1510 ■ NEWARK, NJ 07102
TELEPHONE: 973-642-5858 ■ FAX: 973-621-6361
www.andersonkill.com

Steven J. Pudell, Esq.
SPudell@andersonkill.com
973-642-5877

*Via ECF and Fax*                                                                  February 12, 2019

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

    Re:   ***Starr Surplus Lines Insurance Company and Houston Casualty Company v. CRF Frozen Foods, LLC***
          **Civil Action No. 17-cv-1030 (PGG)**

Dear Judge Gardephe,

    This firm is co-counsel representing CRF Frozen Foods, LLC ("CRF") in the above-referenced matter. Following the pre-motion conference on February 5, 2019, the Court requested that the parties submit letters setting forth their intentions with respect to summary judgment motions. To that end, CRF accepts the Court's invitation to forgo the filing of summary judgment motions as to Phase I, which is limited to the issue of rescission. Additionally, upon review of the issue, CRF believes this matter should be tried by the bench. It is CRF's understanding, based on the pre-motion conference, that Starr Surplus Lines Insurance Company ("Starr") and Houston Casualty Company ("HCC") are in agreement. CRF wishes, however, to offer a path forward for the most expeditious resolution possible.

    On July 26, 2017, this Court granted the Insurers' request to bifurcate this matter, limiting Phase I to the Insurers' claim for rescission and "whether [CRF] made material misrepresentations of fact or omissions in its insurance applications and, if so, whether [Starr and HCC] relied on these material misrepresentations or omissions in agreeing to provide insurance coverage to [CRF]." (ECF No. 89, at 3). The Court specifically noted that no ruling was made "*as to whether this case will be bifurcated for purposes of trial*." (*Id.*). Finally, the Court noted that it would re-visit that issue "after Phase I discovery and motion practice is complete, and after ruling on any Phase I dispositive motion." (*Id.*).

    During Phase I, hundreds of thousands of documents were exchanged amongst the parties and non-parties and twenty three (23) witnesses were deposed, three (3) of whom were deposed twice for a total of twenty six (26) depositions. If CRF prevails at trial on Phase I, which it believes it can and will, then Phase II issues will still be left to

**Anderson Kill P.C.**

Hon. Paul G. Gardephe, U.S.D.J.
February 12, 2019
Page 2

be adjudicated.  Rather than have two trials for rescission and coverage issues, CRF submits that the Court allow discovery to proceed on the "application of the policies to . . . [the] recall." (ECF No. 89, at 3), i.e. "coverage issues".  This appears to be the most economical way to proceed in light of the bifurcation and current procedural posture.  Notably, CRF is amenable to staying discovery and trial on the amount of coverage ("damages") until after all coverage issues are resolved.  This approach has several benefits:

    First, allowing discovery to proceed on coverage issues before a trial on rescission will eliminate the possibility of two separate trials on essentially the same coverage issues, followed by a third trial on the issue of damages.

    Second, other than documents with regard to damages, CRF has produced substantially all discoverable documents with respect to this claim, including documents relevant to Phase II.  Discovery on the remaining coverage issues, which CRF believes can be completed in the coming months, should be followed by one trial on all substantive coverage issues.  As stated above, discovery on damages can be held in abeyance until after the trial on the coverage issues in order to conserve the parties' resources and most efficiently adjudicate this matter.  This additional discovery can be accomplished expeditiously and would not delay an impending trial.  In other words, trial in this matter can be scheduled pursuant to the Court's convenience, and the parties would be in a position to meet such a schedule.

    Lastly, requiring two separate trials on the coverage issues (i.e. rescission and coverage defense) will, in all likelihood, prevent any meaningful opportunity for the parties to settle.  A trial that only resolves the issue of rescission may leave the parties with significant uncertainty as to coverage, which will likely inhibit meaningful settlement discussions.

    Alternatively, should the Court wish to proceed to trial as to Phase I, CRF is prepared to do so.  CRF would be prepared to try this case at this Court's earliest convenience.

    We thank Your Honor for your consideration in this matter.

    Respectfully submitted,

/s/ Steven Pudell
Steven J. Pudell

cc:    *All Counsel of record via ECF*

docs-100092112.4

**Anderson Kill P.C.**

Hon. Paul G. Gardephe, U.S.D.J.
February 12, 2019
Page 3