# CHOATE

Robert A. Kole
t 617-248-2121
f  617-248-4000
rkole@choate.com

February 12, 2019

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, New York 10007

      Re:    *Starr Surplus Lines Ins. Co. and Houston Cas. Co. v. CRF Frozen Foods, LLC*
              Case No. 1:17-cv-01030-PGG

Dear Judge Gardephe:

      Starr Surplus Lines Insurance Co. ("Starr") has carefully considered the Court's statements during the February 5, 2019 hearing in the above-referenced matter (the "Hearing"), and has decided that it will not submit a motion for summary judgment.  It is Starr's understanding that CRF Frozen Foods, LLC ("CRF") and Houston Casualty Company ("HCC") also will not file summary judgment motions.  Starr, therefore, will briefly address next steps in this case.

      The Court indicated during the Hearing that, if the parties decided not to pursue summary judgment practice, then they could either settle or proceed to trial on Phase I issues.  Hr'g Tr. at 4, 14-15.  Phase I is limited to the question of whether Starr and HCC are entitled to rescind their respective policies because CRF made material misrepresentations of fact or omissions in its applications for insurance, upon which Starr and HCC relied in agreeing to provide insurance coverage to CRF.  Counsel for CRF indicated, in response to a question from the Court, that CRF had requested a jury trial.  *Id*. at 14.  However, because rescission claims are equitable in nature, CRF is not entitled to a jury on Phase I issues.  *See, e.g.*, *Mercantile & Gen. Reins. Co. v. Colonial Assur. Co.*, 82 N.Y. 2d 248, 252 (1993) ("Rescission claims, of course, are equitable in nature and, thus, are to be tried by the court.").

Accordingly, Phase I of this case should be resolved via a bench trial, not a jury trial.  If the Court believes that a legitimate dispute exists as to that question, Starr respectfully requests that the Court hold a hearing and/or set a briefing schedule to resolve that threshold question.

Thank you for your consideration of this matter.

February 12, 2019
Page 2


Respectfully submitted,


STARR SURPLUS LINES INSURANCE COMPANY,

By its attorneys,


/s/ Robert A. Kole
Robert A. Kole (admitted *pro hac vice*)
Matthew B. Arnould (admitted *pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000
rkole@choate.com
marnould@choate.com
*Counsel for Starr Surplus Lines Insurance Company*