# CHOATE

Robert A. Kole
t 617-248-2121
f 617-248-4000
rkole@choate.com

February 22, 2019

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, New York 10007

      Re:   *Starr Surplus Lines Ins. Co. and Houston Cas. Co. v. CRF Frozen Foods, LLC*
               Case No. 1:17-cv-01030-PGG

Dear Judge Gardephe:

      On behalf of Starr Surplus Lines Insurance Co. ("Starr"), this letter responds to the February 12, 2019 letter of CRF Frozen Foods, LLC ("CRF"). For the reasons set forth below, Starr respectfully requests that the Court reject CRF's request to reopen discovery and broaden the scope of the Phase I trial. Alternatively, Starr requests a status conference to discuss this matter further.

      By way of background, on July 7, 2017, the Court issued an Order bifurcating this case into two phases. Phase I was limited to the following issues: "whether Defendant made material misrepresentations of fact or omissions in its application for insurance, and, if so, whether Plaintiffs relied on these material misrepresentations and omissions in agreeing to provide insurance coverage to Defendant." Dkt. No. 89 at 1. If Plaintiffs succeed on Phase I, the case is over. If Defendant succeeds on Phase I, the parties will move to Phase II: "the application of the insurance policies to losses sustained by CRF in connection with the recall." *Id*. Accordingly, Phase II will address coverage issues and damages, but only if Defendant succeeds on Phase I. The Court recognized in its Order that "a bifurcated approach may lead to an earlier resolution of this case, and offers the possibility of considerable savings to the litigants and the Court." *Id*. at 3.

      At the February 5, 2019 hearing in this matter, the Court stated that issues of fact likely would prevent it from granting summary judgment for any party, and urged the parties to reconsider the utility of filing such motions. The Court then clearly indicated what would happen if the parties did not file summary judgment motions (as they have now said they will not do): trial on the rescission issue. Hr'g. Tr. at 14-15.

Honorable Paul G. Gardephe
February 22, 2019
Page 2

In its February 12, 2019 letter, CRF suggests a different path. Specifically, CRF proposes that: (a) the parties reopen discovery on coverage issues; (b) once that discovery is complete, the parties proceed to a Phase I trial focused on rescission and coverage issues combined; (c) if Defendant succeeds in that trial, the parties proceed to a third discovery period, addressing damages; and (d) once that discovery is complete, the parties proceed to a second trial on damages.

CRF's approach is neither efficient nor cost-effective. The rescission issue is ready for trial now. No other discovery is needed. The parties all agree that the trial will be a bench trial. It can be scheduled at the Court's earliest convenience. If Plaintiffs succeed, the case is over -- precisely the "savings" identified by the Court in its bifurcation Order. If Defendant succeeds, the parties proceed to Phase II, where there would be one additional discovery period (two total), rather than two additional periods (three total) as contemplated by CRF's proposal. Accordingly, proceeding to trial on Phase I is the better approach, and the various rationales advanced by CRF in support of its newly-minted alternative miss the mark.

*First*, no one is suggesting three trials (one on rescission, one on coverage and one on damages), as CRF suggests. CRF Ltr. at 2. Rather, as contemplated by the bifurcation Order, there either will be one trial (if Plaintiffs succeed on rescission) or two trials (coverage and damages combined, if Defendant succeeds on rescission). And, a Phase II trial would not involve resolution of the same issues as a rescission trial, per the example below.

*Second*, although CRF acknowledges that additional discovery will be needed "in the coming months" for the parties to properly address coverage issues, it downplays the scope of that discovery. By way of just one example, one of the exclusions on which Starr will rely if a Phase II is necessary is Exclusion 4.9, which provides:

This policy does not apply to any Loss arising out of, based upon, attributable to or involving, directly or indirectly any:

4.9   circumstance(s) or matter(s):

(i)   which an officer or director of the Insured had actual or constructive knowledge prior to the policy inception date; or

(ii)  that take place on or after the Insured, employee, officer or director of the Insured has actual or constructive knowledge of a defect or deviation in the production, preparation or manufacture of Insured Products; or

(iii) has or is reasonably likely to result in such defect or deviation in the production, preparation or manufacture of Insured Products, and the Insured had failed to take reasonable corrective action.

Honorable Paul G. Gardephe
February 22, 2019
Page 3

      The parties did not explore in Phase I discovery the link between the recall (the Loss) and CRF's knowledge of the extensive listeria problem at its Pasco facility and in its finished products. Although the connection seems self-evident, we do not expect CRF to stipulate to it. Exploring that issue will require substantial discovery about the recall, and potentially additional expert testimony, all of which may be unnecessary if Plaintiffs succeed on the rescission question.

      *Third*, CRF argues that its approach would not delay the impending trial, which is not true. Opening up fact and expert discovery to address coverage issues necessarily will push the trial back substantially. Even CRF admits that discovery will take several months, which will result in the trial being delayed.

      *Fourth*, allowing the rescission trial to proceed will not prevent any meaningful opportunity for the parties to settle. To the contrary, Starr believes that it makes sense for the parties to engage in those discussions now, before they expend substantial resources on trial preparation. As a result, Starr is willing to engage in mediation, with or without the Court's involvement, if the other parties are willing to do so.

Thank you for your consideration of this matter.

Respectfully submitted,

STARR SURPLUS LINES INSURANCE COMPANY,

By its attorneys,

/s/ Robert A. Kole
Robert A. Kole (admitted *pro hac vice*)
Matthew B. Arnould (admitted *pro hac vice*)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000
rkole@choate.com
marnould@choate.com
*Counsel for Starr Surplus Lines Insurance Company*