MOUND COTTON WOLLAN & GREENGRASS LLP

COUNSELLORS AT LAW

ONE NEW YORK PLAZA
NEW YORK, NY 10004-1901

(212) 804-4200

FAX (212) 344-8066

WWW.MOUNDCOTTON.COM

NEW YORK, NY
FLORHAM PARK, NJ
GARDEN CITY, NY
FORT LAUDERDALE, FL
SAN FRANCISCO, CA

JEFFREY S. WEINSTEIN
(212) 804-4226
JWeinstein@moundcotton.com

February 22, 2019

**VIA ECF AND FAX**

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, New York 10007

      Re: *Starr Surplus Lines Insurance Company and Houston Casualty Company v. CRF Frozen Foods, LLC*
           Civil Action No.: 17-cv-1030 (PGG)
           Our File No.: 3351.63

Dear Judge Gardephe:

      We write on behalf of Houston Casualty Company ("HCC") in response to the letter filed by CRF Frozen Foods, LLC ("CRF") on February 12, 2019. In that letter, CRF asked the Court to modify its position with respect to the manner in which this case has been bifurcated, requesting a single trial on both rescission and coverage claims – followed by a second trial on damages issues, if necessary. HCC objects to CRF's proposal. This case should proceed to trial on Plaintiffs' claims for rescission only, and HCC respectfully requests that Your Honor set a date for a bench trial on this equitable issue.

      In accordance with the Court's July 26, 2017 Order, this case has proceeded with a focus solely on "Phase I" -- Plaintiffs' claims for rescission. As CRF concedes in its letter, Phase I discovery was extremely extensive, including dozens of depositions and hundreds of thousands of pages of documents exchanged. While the July 2017 Order left open whether the case would be bifurcated for purposes of trial, during the February 5, 2019 conference, Your Honor specifically stated that if the case did not settle, the next step would be to go to trial on the issue of rescission. (Tr. 14:20-22).

      CRF is now asking the Court to disregard the manner in which the case has been structured for over a year and a half, so that it can re-open discovery before scheduling a trial to address the parties' coverage claims, in addition to rescission. HCC rejects this proposal as wholly inefficient and unreasonably expensive, because CRF's proposal would require substantial additional discovery. To date, no discovery has been taken on any coverage issues.

MOUND COTTON WOLLAN & GREENGRASS LLP

Honorable Paul G. Gardephe
February 22, 2019
Page 2

If discovery were re-opened to address the parties' coverage claims and defenses, it would require re-taking many witnesses' depositions, likely noticing new witnesses for deposition, and re-opening expert discovery, all at significant cost. The primary reason for the Plaintiffs' original request to address rescission first is that if rescission is granted, the case would be over, thereby obviating the need to pursue discovery on the coverage issues. CRF's proposal, which would also entail a delayed trial on both legal and equitable issues, will only cause to further delay resolution of this case.

    HCC is prepared to move forward with a trial on the equitable claim of rescission, and respectfully requests that, in accordance with CRF's acknowledgment in its February 12 letter, a bench trial date be set.

    Respectfully submitted,

    MOUND COTTON WOLLAN
    & GREENGRASS LLP


    By:   /s/ Jeffrey S. Weinstein
        Jeffrey S. Weinstein

JSW:cer

cc:    All counsel of record via ECF