# ANDERSON KILL P.C.

Attorneys and Counselors at Law

ONE GATEWAY CENTER, SUITE 1510 ■ NEWARK, NJ 07102
TELEPHONE: 973-642-5858 ■ FAX: 973-621-6361
www.andersonkill.com

Steven J. Pudell, Esq.
SPudell@andersonkill.com
973-642-5877

*Via ECF and Fax*                             February 27, 2019

Honorable Paul G. Gardephe, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

  Re: ***Starr Surplus Lines Insurance Company and Houston Casualty Company v. CRF Frozen Foods, LLC***
    **Civil Action No. 17-cv-1030 (PGG)**

Dear Judge Gardephe,

  This firm is co-counsel representing CRF Frozen Foods, LLC ("CRF") in the above-referenced matter. This letter is a short response to the February 22, 2019 letters filed by Starr Surplus Lines Insurance Company ("Starr") and Houston Casualty Company ("HCC") regarding CRF's request that, rather than conduct an immediate trial on rescission, the Court allow discovery to proceed on the "application of the policies to . . . [the] recall" (i.e. "coverage issues") and then allow a trial on both rescission and coverage issues (ECF No. 154, at 2). CRF's concern was that a trial on just rescission could result in three trials, *i.e.*, one on rescission, a second on the other coverage defenses, and a third on damages.

  CRF now understands from the February 22, 2019 letters filed by Starr and HCC that they agree there should not be three separate trials, only two.[1] Starr and HCC, however, propose that the first trial be only on the issue of rescission, with the second trial on all the remaining issues, *i.e.*, coverage issues and damages. CRF recognizes that the two-trial proposal by Starr and HCC may appear efficient. The realities of the "coverage issues," however, suggest otherwise.[2]

---

[1] Starr's letter states that "no one is suggesting three trials (one on rescission, one on coverage and one on damages)" (ECF NO. 159 at p. 2). HCC's letter, however, simply explains its position on why the rescission claim should proceed to trial on its own (ECF No. 159). Thus, while still less than clear, CRF understands Starr and HCC are in agreement that there should not be three separate phases and three trials.

[2] If the Court decides to have a "stand alone" trial on rescission, CRF agrees that a second trial should encompass both coverage defenses and damages.

New York, NY ■ Los Angeles, CA ■ Stamford, CT ■ Washington, DC ■ Newark, NJ ■ Philadelphia, PA

100095976.1

**Anderson Kill P.C.**

Hon. Paul G. Gardephe, U.S.D.J.
February 27, 2019
Page 2

    A close review of the rescission and coverage issues in this case show that they are intertwined, *e.g.*., arise out of the same facts, involve much of the same evidence, and involve many of the same witnesses and expert opinion testimony. This is shown in Starr's February 22, 2019 letter where Starr argues that the "coverage issues" that will be the subject of the second trial includes Exclusion 4.9. That exclusion, quoted in Starr's letter, is basically a "knowledge based defense", *i.e.,* what Starr argues in its letter is "the link" between the recall (the Loss) and CRF's alleged knowledge of LM in its Pasco facility and finished products.

    CRF's alleged knowledge of LM in its Pasco facility and finished products is also at the heart of the insurance companies "rescission claim." For example, both Starr's and HCC's separate December 18, 2018 letters to the Court requesting permission to file summary judgment argue that CRF had knowledge of positive LM test results in its Pasco facility and finished products, yet failed to disclose them in its application material provided to HCC. (Starr's letter - ECF No. 141 at p. 3; HCC's letter - ECF No. 139 at p. 2). Many of the witnesses, and evidence presented, will be the same for both a "rescission" trial and a "coverage issue" trial.  Furthermore, much of the discovery relating to coverage issues is already complete. Other than documents regarding damages, CRF has produced substantially, if not all discoverable documents with respect to this claim.  Thus, a trial on all of the "coverage issues", including rescission, before a trial on damages under the claim and issues in this case is more efficient.

    Finally, while Starr represented to the Court its "willingness to engage in mediation" now, Starr, at the same time, argues that it is not required to pay anything under the Policy based on Exclusion 4.9. (ECF No. 158, at 2). CRF, of course, believes that exclusion is inapplicable. In any event, Starr's insistence that it is not required to pay anything based on an exclusion for which Starr bears the burden of proof raises concerns whether Starr and HCC are in fact ready to enter into meaningful settlement discussions. Even so, regardless of how this matter proceeds, CRF remains open to settlement negotiations or mediation as soon as practicable, with the understanding that Starr and HCC are also willing to engage in meaningful discussions.

    As set forth above and its February 12, 2019 letter, (ECF No. 154), CRF respectfully requests that this Court allow discovery to proceed on coverage issues before holding a trial on both the rescission and coverage issues.

**Anderson Kill P.C.**

Hon. Paul G. Gardephe, U.S.D.J.
February 27, 2019
Page 3

      We thank Your Honor for your consideration in this matter.

                    Respectfully submitted,

                    /s/ Steven Pudell
                    Steven J. Pudell

cc:    *All Counsel of record via ECF*

100095976.1